IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

```
SOUTHERN DISTRICT OF MISSISSIPPI
       F I L E D
      MAR 17 2006
   J. T. NOBLIN, CLERK
BY_____DEPUTY
```

In the Matter of the Complaint of GRAND )
CASINO OF MISSISSIPPI, INC.- )
BILOXI, for its Interest in And to the Vessels ) CASE NO. 1:06-CV-195-LG-RHW
making up the Grand Casino Biloxi, for ) In Admiralty
Exoneration from or Limitation of Liability ) (Pursuant to 9(h), Fed.R.Civ.P.)

### ORDER APPROVING LIMITATION PLAINTIFF'S STIPULATION FOR VALUE AND SECURITY, AND DIRECTING ISSUANCE OF NOTICE AND RESTRAINING SUITS

Grand Casino of Mississippi, Inc. - Biloxi ("Limitation Plaintiff"), filed a verified Complaint on March 14, 2006, as the owner of the vessels making up the Grand Casino Biloxi, seeking exoneration from or limitation of liability, pursuant to 46 U.S.C. § 181, *et seq.* and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, Fed.R.Civ.P., for any losses, damages or injuries occasioned during or subsequent to Hurricane Katrina, on or about August 29, 2005, when said vessels were caused to leave their moorings and allegedly cause damage to property located at or near Highway 90 in Biloxi, Mississippi, all of which is more fully described in the Complaint filed herein. On March 17, 2006 Limitation Plaintiff filed its Ad Interim Stipulation for Value and Bond for Costs.

Taken together, the verified Complaint and Ad Interim Stipulation for Value and Bond for Costs show that as a result of Hurricane Katrina the above referenced vessels were rendered a constructive total loss and of no value other than their scrap value, if any, and were left stranded north of U. S. Highway 90 in Biloxi where they had been carried and deposited by the hurricane; and that they are being demolished and the scrap resulting from demolition removed, with the scrap value of the dismantled barges being insufficient to cover the cost of demolition and removal; and that as

1

nearly or has been determined the Limitation Plaintiff's interest in the above referenced vessels after the referenced casualty has no value. See Affidavit of Lance J. Ewing (attached as "Exhibit A" to Ad Interim Stipulation for Value and Bond for Costs).

The Limitation Plaintiff has deposited with the Court for the benefit of claimants, an Ad Interim Stipulation for Value and Bond for Costs as security for the amount of the value of the vessels as such value may be determined by this Court, together with interest at six percent (6%) per annum from its date and for payment of court costs.

Now, on motion of Grand Casino of Mississippi, Inc., - Biloxi, it is ORDERED as follows:

1. The above-described Ad Interim Stipulation for Value and Bond for Costs deposited by the Limitation Plaintiff with the Court for the benefit of claimants with interest as aforesaid and for the payment of court costs, as security for the amount or value of the Limitation Plaintiff's interest in the above-referenced vessels be, and hereby is, approved.

2. The Court, upon motion by appropriate party, will cause due appraisement for such value and may thereupon order the said security increased if it finds the amount thereof insufficient.

3. A notice will be issued by the U. S. Marshal for the Southern District of Mississippi – in the form and format of the "Notice" attached hereto – to all persons asserting claims with respect to which the Complaint seeks limitation admonishing them to file their respective claims with the Clerk of this Court in writing, and to serve on the attorneys for Petitioner a copy thereof, no later than the __17TH__ day of __May__, 2006, or be defaulted, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, he shall file and serve upon attorneys for Limitation Plaintiff an answer to the Complaint on or before the said date, unless his claim is included in answer to the Complaint, so designated, or be defaulted.

2

4. The aforesaid notice shall be published in the SUN HERALD once a week for four consecutive weeks prior to the date affixed for the filing of claims as provided by the aforesaid Rule F, and the copies of the notice shall be mailed in accordance with the said Rule F.

5. The further prosecution of any and all suits, actions and proceedings already commenced, and any commencement or prosecution hereafter of any and all suits, actions, or proceedings of any nature or description whatsoever in any jurisdiction, and the taking of any steps or the making of any motion in such suits, actions or proceedings against the Limitation Plaintiff, its respective agents, officers, representatives, insurers, or any other person or persons having, or claiming to have any interest of any kind in the above-referenced vessels, whatsoever, as aforesaid, or against any property of Limitation Plaintiff except in this action, to recover damages for or in respect to any loss, damage, injury or death occasioned during Hurricane Katrina, on or about August 29, 2005, when said vessels were caused to leave their moorings and are then alleged to have caused damage to property located at or near Highway 90 in Biloxi, Mississippi, as alleged in the Complaint, be and they are hereby restrained, stayed and enjoined until the hearing and determination of this action.

6. Service of this Order as a Restraining Order may be made through the post office by mailing a conformed copy thereof to the person or persons to be restrained or to their respective attorneys, or alternatively by hand.

SO ORDERED, this the 17TH day of March, 2006.

JUDGE, UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI